IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JANINE BROMLEY,

        Plaintiff,

vs.                                                CIVIL NO. 02-999 RLP/LFG

BUTT, THORNTON, BAEHR, P.C., and
CONTINENTAL CASUALTY COMPANY,
a/k/a CNA Group Life Assurance Company,
a/k/a CNA Insurance Companies,

        Defendants.

## MEMORANDUM OPINION & ORDER

THIS MATTER having come before the Court on the Motion to Dismiss Butt, Thornton & Baehr, P.C. **(Docket No. 6)**, Pursuant to Rule 12(b)(6), the Court having read the motion, the memoranda in support of and in opposition to the motion and otherwise being fully advised, finds that the motion is well taken and will be **GRANTED.**

This action is brought pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132. The complaint alleges Defendant, Butt, Thornton & Baehr, P.C. ("Butt law firm") established and maintained an employee benefits plan. Plaintiff worked as a paralegal for the Butt law firm and became unable to perform her duties on March 3, 2000. The controversy surrounds Plaintiff's eligibility for long term disability benefits under the plan. The Butt law firm's motion to dismiss addresses the issue of whether the Butt law firm is a proper party defendant in this action.

Fed.R.Civ.P. 12(b)(6) tests the legal sufficiency of a party's claim for relief.

Pursuant to this rule, the Court presumes that all well-pleaded allegations are true, resolves all doubts and inferences in the pleader's favor, and views the pleading in the light most favorable to the non-moving party. See *Albright v. Oliver,* 510 U.S. 266, 267 (1994). A claim will only be dismissed under Rule 12(b)(6) if appears beyond doubt that the pleader can prove no set of facts in support of the claim that would entitle the pleader to relief. *McLain v. Real Estate Board of New Orleans*, 444 U.S. 232, 246 (1980).

The sole question before the Court is whether the Butt law firm is a proper party defendant to this action. The plan from which Plaintiff seeks benefits is administered and insured by Defendant, Continental Casualty Company. The Butt law firm merely established and maintained the plan for the benefit of its employees. See Complaint at ¶ 3. In order to state a claim against the Butt law firm, the complaint must allege that the law firm was the administrator or fiduciary or had some influence over the administration of benefits. *Moore v. Berg Enterprises, Inc.,* 3 F.Supp. 2d 1245, 1248 (D. Ok. 1998), *aff'd,* 201 F.3d 448 (10th Cir. 1999). It is clear the Butt law firm contracted with the insurance company to administer the plan and to process and determine claims. The only active part the Butt law firm played in the processing of this claim is that the firm "advised" CNA of the gravity of Plaintiff's alleged disability. See Complaint at ¶ 17. No further allegations are made in the complaint against the Butt law firm as an administrator or a fiduciary. Clearly, CNA as the plan administrator is the proper party defendant in this action. *Beegan v. Associated Press,* 43 F.Supp. 2d 70 (D. Maine 1999).

**IT IS THEREFORE ORDERED** that the Motion to Dismiss Butt, Thornton & Baehr, P.C. Pursuant to Rule 12(b)(6) is **GRANTED.**

**IT IS SO ORDERED.**

_____
RICHARD L. PUGLISI
United States Magistrate Judge
Sitting by designation

Michael J. Cadigan, Esquire - Attorney for Defendant Butt, Thornton & Baehr, P.C.
Matthew S. Rappaport, Esquire - Attorney for Defendant Butt, Thornton & Baehr, P.C.
Victor Roybal, Jr., Esquire - Attorney for Plaintiff