UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JANINE BROMLEY,

      **Plaintiff,**

vs.                                                       No. Civ. 02cv0999 RLP/LFG

**BUTT, THORNTON, BAEHR, P.C., and
CONTINENTAL CASUALTY COMPANY, a/k/a/
CNA GROUP LIFE ASSURANCE COMPANY a/k/a
CNA INSURANCE COMPANIES,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

      This matter comes before the court for determination of the proper remedy to be afforded Plaintiff Janine Bromley ("Plaintiff" herein) stemming from the arbitrary and capricious denial of her claim for long term disability benefits ("Benefits Policy" herein) by Defendant Continental Casualty Company, a/k/a/ CNA Group Life Assurance Company a/k/a CNA Insurance Companies ("CNA" herein).

A.     <u>Proper Remedy.</u>

      Plaintiff seeks an award reflecting monthly benefits without offset for social security benefits, and prejudgment interest. CNA, citing to <u>Caldwell v. Life Ins. Co. of North America</u>, 287 F.3d 1276 (10th Cir. 2002), contends that Tenth Circuit precedent requires that this matter be remanded to it, as Administrator of the Benefits Policy, in order that CNA may apply the correct standards in evaluation of Plaintiff's eligibility for benefits.[1] The parties concur that the issue of attorneys fees and

---

    [1]The court directed both parties to meet and confer as to the amount of damages owed Plaintiff in light of CNA's arbitrary and capricious denial of her claim for long-term disability benefits, and further directed them to present statements of their respective positions with supporting affidavits if they could not concur. (Docket No. 28). CNA has provided the court with no argument, authority or evidentiary material

costs should be presented in a separate proceeding.

In <u>Caldwell</u>, the plan administrator determined that the claimant was capable of performing his own occupation, and did not reach the issue of whether he could perform any occupation. In reaching this conclusion, the administrator applied irrelevant standards that conflicted with language in the disability policy to determine if the claimant could perform his own occupation, ignored and/or failed to assess all of the relevant evidence, relied on a skewed reading of the claimant's medical records and misconstrued the claimant's testimony, taking it out of context. <u>Caldwell</u>, 287 F.3d at 1284-1285. The Tenth Circuit upheld the district court's finding that the administrator's denial of "own occupation" benefits was arbitrary and capricious, and affirmed an award of disability benefits during the twenty-four month period governed by the "own occupation" standard of disability, offset by any "other income" received for that period. As to the claimant's entitlement to benefits based on the inability to perform any occupation, the Tenth Circuit held that the district court had erred in reaching this issue, because it had not been addressed by the administrator, and because the evidence on this issue was disputed. The Tenth Circuit ordered that the issue of entitlement to disability benefits based on the inability to engage in "any occupation" be remanded to the administrator for a full and fair review of the record in light of the applicable standard. <u>Caldwell</u>, 287 F.3d at 1287-1290.

The evidence in this case included reports from Dr. Stephen Chiulli, a neuropsychologist, who substantiated that Plaintiff suffered a significant cognitive impairment and Mr. Ken Williams, a vocational specialist, who concluded that Plaintiff's impairments resulted in a loss of all jobs available

---

addressing the issue of damages, relying solely on its position that the only proper remedy is remand to it as administrator, for determination of Plaintiff's entitlement to benefits.

to her in the labor market. (Complaint, ¶18, Docket No. 1; Answer, ¶ 18, Docket No. 9, AR 70-76; AR 87-91). These reports are the only evidence in the administrative record addressing Plaintiff's memory and cognitive difficulties and the vocational impact of her combined physical and mental impairments. The registered nurse upon whose review CNA's final denial of benefits was based, reiterated some of Dr. Chiulli's findings, ignored Mr. Williams' report, and assessed only Plaintiff's ability to perform sedentary activity, not the job of paralegal. (AR 59). In its March 29, 2002, letter to Plaintiff's attorney, denying Plaintiff's appeal of the denial of benefits, CNA cited to Dr. Chiulli's and Mr. Williams' reports, presenting skewed, incomplete and out of context interpretations of those reports. (AR 34-35). CNA ignored its own policy language which provided that Plaintiff's initial period of disability be based on an inability to perform her regular occupation, focusing only on the "low activity level" of her regular occupation, and disregarding the mental functions required of that or any occupation. (AR 35).

CNA's application of the wrong standards and its misconstruction, discounting and/or ignoring of unrefuted, relevant evidence is an abuse of discretion. As in Caldwell, Plaintiff is entitled to disability benefits for the initial twenty-four month period governed by the "own" or "regular" occupation standard of disability. Unlike Caldwell, the evidence in the administrative record pertinent to Plaintiff's ability to perform any occupation is undisputed. Based on Mr. Williams' report, Plaintiff is unable to perform any occupation. (AR. 91). Although CNA is not required to collect vocational evidence Caldwell, 287 F.3d at 1290, it can not ignore such evidence when presented. Accordingly, based on the administrative record presented, I find that Plaintiff is entitled to benefits based on the inability to perform any occupation. See DeLeon v. Bristol-Myers Squibb Company, 203 F.Supp. 2d 1181, 1191 (D. Ore. 2002).

B.  Calculation of Benefits.

Any award of disability benefits must take into account prior payments, offsets and increases contractually mandated by the Benefits Policy.  The Parties have not provided the Court with sufficient admissible evidence from which to determine the exact amount of damages to which Plaintiff is entitled.   It is undisputed that Plaintiff's original monthly benefit was $1,620.22.  CNA paid this benefit for fourteen months, from September 1, 2000, through October 31, 2001.  Plaintiff contends that this benefit is subject to an annual percentage increase commencing in March 2001 under the "earnings qualifier" provisions of the Benefits Policy[2].  She sets forth a formula addressing the amount of these increases, based on the consumer Price Index (CPI-W) (Docket No. 30 at 5; the CPI-W Index is located at  *http://www.dol.state.nm.us/dol_cpi.html*).   Neither party has provided the court with admissible evidence, in the form of affidavit or otherwise, indicating how proper application of the CPI-W to Plaintiff's monthly benefit alters her benefit rate.

The Benefits Policy further  provides that "the *Monthly Benefit* under this policy shall be reduced by . . .Disability benefits paid, payable, or for which there is a right under . . .(t)he Social Security Act . . ."  (AR 11). Plaintiff began receiving Social Security Benefits for total disability as of February 2001.[3]  Benefits were paid as follows:

> February 2001 through December 2001 . . . . . . $1,109 per month
> January 2001 through February 2003 . . . . . . . . $1,137 per month
> March 2003 through April 2003 . . . . . . . . . . . . $1,095 per month

---

[2]". . . On each anniversary of *Your Disability*, *We* will increase the *Monthly Earnings* by the lesser of the current annual percentage increase in CPI-W, or 10%."  (AR 10).

[3]The Social Security Administration awarded Plaintiff benefits  on March 20, 2002, finding her disabled as of September 1, 2000. (AR 28-32).

4

        May 2003 - present . . . . . . . . . . . . . . . . . . . . . . $1,153 per month

(Plaintiff's affidavit, Ex. 1 to Docket No. 30).

THE COURT FINDS AS FOLLOWS:

(1)     That the evidence contained in the administrative record is uncontroverted that Plaintiff, by reason of her combined impairments, is unable to perform any occupation;

(2)     That defendant CNA's denial of Plaintiff's application for long term disability benefits during the twenty-four month elimination period governed by reference to Plaintiff's regular occupation was arbitrary and capricious;

(3)     That defendant CNA's denial of Plaintiff's, claim for long term disability benefits following the twenty-four month elimination period governed by reference to Plaintiff's ability to perform any occupation was arbitrary and capricious.

IT IS THEREFORE ORDERED AND ADJUDGED AS FOLLOWS:

(1)     That Plaintiff is entitled to long-term disability benefits commencing on September 1, 2000, augmented by applicable CPI-W increases, and offset by benefits previously received from CNA and by disability benefits received from the Social Security Administration;

(2)     That Plaintiff is entitled to prejudgment interest commencing the date disability benefits were terminated, on November 1, 2001, at the rate of 8.5% ;

(3)     Plaintiff is entitled to attorney's fees, the amount of which will be determined in a separate proceeding.

IT IS SO ORDERED.

                                                                                    _/s/ Richard L. Puglisi_
                                                                                           RICHARD L. PUGLISI
                                                                UNITED STATES MAGISTRATE JUDGE
                                                                          (sitting by designation)