IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JANINE BROMLEY,

      **Plaintiff,**

vs.                                        No. CIV-02-0999 RLP/LFG

**BUTT, THORNTON, BAEHR, P.C. and
CONTINENTAL CASUALTY COMPANY a/k/a
CNA GROUP LIFE ASSURANCE COMPANY a/k/a
CNA INSURANCE COMPANIES,**

      **Defendants.**

### MEMORANDUM OPINION AND ORDER
### AWARDING PLAINTIFF ATTORNEYS FEES AND COSTS
### PURSUANT TO 29 U.S.C. §1132(g)(1) and D.N.M. LR-Civ 54.

      **THIS MATTER** comes before the Court on Plaintiff's Motion for Attorneys Fees and Costs, filed August 14, 2003 [Doc. No. 33]  The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that Plaintiff's motion is well-taken and will be GRANTED.

      CNA is the administrator and insurer of a plan under which Plaintiff, as an employee of Butt, Thornton, Baehr, P.C., claims long-term disability benefits pursuant to the Employee Retirement Income Security Act of 1974 ["ERISA" herein].  CNA paid Plaintiff benefits for a period of fourteen months while it evaluated her claim.  Benefits were terminated effective October 31, 2001. Plaintiff filed suit on August 12, 2002, seeking to overturn CNA's denial of her claim.

      This Court has previously found that CNA's denial of Plaintiff's claim was arbitrary and capricious.  CNA failed to apply its own contractual standards in determining whether Plaintiff was entitled to benefits for an initial twenty-four month period ("own-occupation" standard) [Docket No.28] and misconstrued, discounted and/or ignored relevant evidence in its review of Plaintiff's

claim. [Docket No. 31]. Judgment was entered in favor of Plaintiff on July 28, 2003. [Docket No. 32].

ERISA permits awards of attorneys fees and costs. 29 U.S.C. §1132(g)(1); *Deboard v. Sunshine Mining and Ref. Co.*, 208 F.3d 1228, 1244 (10th Cir. 2000). In *Gordon v. United States Steel Corp.*, 724 F.2d 106 (10th Cir. 1983), the Tenth Circuit set forth "five nonexclusive factors to guide the district court's decision in awarding fees and costs under § 1132(g)(1)." *Thorpe v. Ret. Plan of Pillsbury Co.*, 80 F.3d 439, 445 (10th Cir. 1996). The Gordon factors are:

(1) the degree of the opposing parties' culpability or bad faith;

(2) the ability of the opposing parties to personally satisfy an award of attorney's fees;

(3) whether an award of attorney's fees against the opposing parties would deter others from acting under similar circumstances;

(4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and

(5) the relative merits of the parties' positions.

*Gordon*, 724 F.2d at 109. These factors are guidelines only; each factor need not be considered, and no single factor is dispositive. *McGee v. Equicor-Equitable HCA Corp.* 953 F.2d 1192, 1209 n. 17 (10th Cir. 1992).

As to the first and fifth factors, I find that CNA's denial of Plaintiff's claim was culpable. CNA admitted in its reply brief that "no significant legal issues were decided." [Docket No. 36 p. 2]. I take this statement as an admission that the standards to be applied to the evaluation of Plaintiff's claim have at all times been clear and certain. An insurance company should be well aware of its own unambiguous standards in evaluating claims presented to it. CNA's argument that its

2

denial of Plaintiff's claim was justifiably based on opinions expressed by reviewing and treating physicians and a registered nurse is rejected. The opinions CNA elected to rely upon did not address Plaintiff's ability to perform her own occupation as a paralegal, the standard applicable to the first twenty-four month claim period. As to the second factor, I find that CNA is financially able to satisfy an award of attorneys fees and costs. As to the third factor, I am persuaded that an award of attorneys fees might deter CNA and other plan administrators from ignoring their own contractual language in evaluating future claims.

CNA argues that an award of attorneys fees is excessive or unwarranted since the amount of disability benefits recovered by Plaintiff is relatively small once appropriate offsets are applied. Plaintiff's benefit rate is offset by the receipt of Social Security disability benefits. The award of Social Security disability benefits to Plaintiff was not considered by this Court in determining whether CNA's actions were arbitrary or capricious, because that information was not provided to Defendant prior to its final denial of Plaintiff's claim. That said, the fact that Plaintiff was awarded such benefits does nothing to support the validity of CNA's denial of her claim. Had Plaintiff not been found disabled under rigorous Social Security standards, she would still have qualified for benefits for at least the initial 24 month benefit period. This is relevant to the third *Gordon* factor, in that in the future CNA or other plan administrators may be deterred from denying claims that qualify under the "own occupation" standard.

I find that Plaintiff has established a right to attorney fees and costs pursuant to 20 U.S.C. §1132(g)(1). Further, based on the affidavits before me, I find that the amount of fees and costs requested is reasonable. Plaintiff seeks reimbursement for 41.64 hours of attorney time at a rate of $225.00 per hour plus applicable New Mexico gross receipts tax; 14.3 hours of paralegal time at a

3

rate of $75.00 per hour plus applicable New Mexico Gross Receipts tax, and $224.50 representing court filing fees and service of process fees.  The hourly fee and time spent by Plaintiff's counsel are appropriate, given the extent of the administrative record and the nature and extent of legal briefing submitted to this Court.  Further, Defendant has presented no evidence indicating that the hours billed by Plaintiff's counsel are excessive.

Accordingly, the Court **FINDS** as follows:

(1) Plaintiff is entitled to an award of attorneys fees and costs pursuant to 29 U.S.C. §1132(g)(1);

(2) The amount of attorneys fees and costs sought by Plaintiff is reasonable.

**IT IS THEREFORE ORDERED** that Plaintiff is awarded attorneys fees in the amount of Ten Thousand Four Hundred Forty One and 50/100 Dollars ($10,441.50) plus applicable New Mexico Gross Receipts tax and costs in the amount of Two Hundred Twenty-four and 50/100 Dollars Defendant, Continental Casualty Company a/k/a  CNA Group Life Assurance Company a/k/a CNA Insurance Companies.

                                                    Richard L. Puglisi
                                       United States Magistrate Judge
                                          (sitting by designation)

Attorney for Plaintiff:
       Victor Roybal, Jr., Esq.

Attorney for Defendant:
       Michael J. Cadigan, Esq.